BIXBY *ex'x. vs.* WHITNEY.

Where two parties executed a bond, submitting to arbitration " all debts, dues and demands heretofore subsisting between them;" and on the same day one of them gave the other a promissory note payable in specific articles at a remote day;—it was held that the note was not within the terms of the submission, it being, by intendment of law, given after the execution of the bond.

If arbitrators erroneously refuse to consider a particular demand laid before them, on the mistaken ground that it is not within the submission; the bond and award are no bar to a subsequent action upon the demand thus rejected.

If a note be given for specific articles, to a creditor living out of the United States, and no place is assigned for the delivery of them ; the foreign domicil of the creditor does not absolve the debtor from the obligation of ascertaining from him the place where he will receive the goods.

ASSUMPSIT on a promissory note made by the defendant to the plaintiff, in her capacity of executrix, bearing date *May* 21, 1823, and payable in boards on or before *August* 1, 1824.

At the trial, before the Chief Justice, at the sittings after this term, the defendant contended that the note was merged in a submission of all demands between the parties to certain arbitrators, and their award thereon. To prove which he produced the arbitration bond, dated *May* 21, 1823, and conditioned to perform the award, in the usual form ; reciting the submission, which was of " all debts, dues and demands heretofore existing" between the parties. He also produced the award of the arbitrators, made pursuant to the submission, awarding to the plaintiff upwards of £200 New Brunswick currency; she being an inhabitant of that province. He also proved that at the hearing before the arbitrators, which was *Nov.* 19, 1824, he required the plaintiff to produce the note, and lay it before them for their adjudication ; which on her part was refused, on the ground that it was not a matter in dispute, but had been already liquidated. The note, however, was exhibited to the arbitrators, in order to as-

Bixby *v.* Whitney.

certain its tenor, but they did not take it into consideration, in making their award, not deeming it within their jurisdiction. The consideration of this note was admitted to be a large number of logs which the defendant had previously received, partly of the plaintiff's testator, and partly of herself.

The defendant further contended that the consideration of the note being a debt previously existing, it was within the terms of the bond, as a demand submitted to the arbitrators ;—and that it was not competent for the plaintiff to withhold it from them ; but its contents having been made known to them, they were bound to consider it in their award.

The Chief Justice overruled this defence ; and the defendant filed exceptions to his opinion. The defendant also moved in arrest of judgment, for the following causes :

1. It appears by the writ that at the commencement of this action the plaintiff had her domicil in a British province ; and no place in this State is set forth where she was ready to have received the boards promised in the note declared on ; nor that she was ever ready to receive them, at any place.

2. It does not appear that the boards were not delivered according to the tenor of the note ; but only that the defendant has not paid the money demanded in the declaration ; whereas the defendant was not bound to pay the money unless he neglected to deliver the boards, or to have them ready to be delivered on the appointed day.

3. As no place of delivery is mentioned in the declaration, or in the note therein described, the declaration is in this respect substantially defective ; because the place is material, and traversable, admitting parol evidence to prove it, when not mentioned in the note.

4. It does not appear that the plaintiff appointed any place where she would receive said boards, as, from her foreign residence, and the uncertainty of the note in this respect, she was bound to have done.

*Orr* and *Greenleaf* argued, in support of the exceptions, that in executing the bond, the defendant had given the plaintiff a stipulation under

seal, to pay such sum as the arbitrators should award, in lieu of all other demands. All other demands then existing between them were therefore absorbed in that one security, which, so far at least as the plaintiff, who is subject to the law of England, is concerned, was entitled to a preference in payment, over, any contract not under seal.

But if the note was not merged in the bond, yet it was within its terms as an existing demand, and as such should have been submitted to the arbitrators, and included in their award. It is not reasonable that a party, who has entered into a submission of all demands, should be allowed to control the contract, and withhold demands, at his pleasure; harassing his adversary with suit after suit, as may best gratify his malignity or caprice. Yet such is the consequence of sustaining this suit.

The case of *Seddon v. Tutop* 1. *Esp.* 401, was the case of a demand accidently overlooked, in executing a writ of inquiry; but no case can be found where a party has been allowed subsequently to recover one which had been wilfully withheld from the decision of a competent tribunal.

*A. G. Chandler*, for the plaintiff, denied that the note was merged in the bond; which was a submission of demands previously existing, and could not include one which was created at the same time with the bond. This also was not intended as any thing more than an agreement upon the manner in which existing demands should be adjusted, but not as a substitute for other securities. The defendant's argument upon this point involves the absurdity of supposing the parties to be stipulating for a long term of credit, and a particular mode of payment, at the very moment that they were extinguishing the contract thus created.

Nor was the note within the terms of the bond. These related to affairs unliquidated; not to one which the parties had at that moment adjusted between themselves, and which was not in dispute. 1. *Dane's Abr. ch.* 13, *art.* 14, 5. *Mass.* 337. 4. *D. & E.* 147. The note, moreover, was not payable until the lapse of fourteen months; while the bond, from its express terms, might much sooner become

Bixby *v.* Whitney.

forfeited. The bond also related exclusively to the claims of the plaintiff as executrix ; but the consideration of the note belonged partly to her in her own right.

But in no case can the defendant avail himself of the bond and award, without shewing that the award had been performed. If a plea of that sort would be bad, as the authorities clearly show, then the same facts, when given in evidence, will not support the general issue. But here, the defendant does not pretend performance of the award.

The motion in arrest of judgment was not argued.

The opinion of the Court was read at the ensuing *October* term in *Kennebec,* as drawn up by

Mellen C. J. In this case a motion in arrest of judgment has been filed, and an exception alleged against the decision of the judge who presided at the trial. As to the motion :—The first, third and fourth reasons assigned in support of it, state omissions on the part of the plaintiff of certain particulars which it is contended she was bound to perform and aver. But it seems well settled that where no place is appointed for the delivery of specific articles, the obligor must go before the day of payment to the obligee and know what place he will appoint to receive them. The first act is to be done by the debtor. In the present case he made no such application, but suffered the days of payment to elapse, and thereby became liable to pay the contents of the note in money. If he had done his duty as to the ascertainment of the place of delivery, and offered there to deliver the boards, he could have successfully pleaded those facts, whether the plaintiff was ready then to receive them or not. Of course, an averment of her presence, or readiness, was of no importance. The second reason assigned has no merit in this stage of the cause, whatever it might have had on special demurrer. The verdict proves that the note in the present case has not been paid, either in boards or money. The motion is overruled.

As to the exceptions :—The submission and note both bear the same date ; and the language of the parties in describing the sub-

Bixby *v*. Whitney.

jects submitted is, " all debts, dues and demands heretofore existing between the parties." As we do not know which was first signed, the bond or the note, we must so consider them as to render the conduct of the parties rational and consistent. To do this we must suppose the bond to have been signed first ; and thus the note would not be embraced in the language ; and this seems the most rational construction, because the terms of the note are peculiar, as to the mode and time of payment, and inconsistent with the submission ; and it never was a demand of the testator before the note was given. It was given, as stated by the counsel for the plaintiff, for different demands, of different persons, claiming in different capacities. But if the note was included in the terms of the submission, it never was in fact submitted to their consideration by the plaintiff ; and the case finds expressly that the arbitrators refused to take the same into consideration, and did not, in forming their award. This fact not only puts an end to the defence, but shows most clearly that it has no foundation in justice. *Webster v. Lee* 5. *Mass.* 334. *Hodges v. Hodges* 9. *Mass.* 320. *Smith v. Whiting* 11. *Mass.* 445, and cases there cited.

We are all of opinion that the exception, as well as the motion must be overruled, and judgment be entered on the verdict.